**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**REGINALD ALAN DAVIS,**

Plaintiff,

v.

**CITY OF MEMPHIS,**

Defendant.

Case No. 2:26-cv-02474-BCL-cgc

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR TO STRIKE**

Before the Court is a Motion to Dismiss by Defendant City of Memphis ("the City"). Doc. 19. For the following reasons, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

Plaintiff Reginald Davis brings this action against the City for Title VII discrimination and retaliation. Doc. 1 (as amended Doc. 18). Plaintiff was a firefighter employed by the City from April 28, 1989, until a workplace dispute and subsequent lawsuit led to his 2012 termination, allegedly for violating the media policy of the City's Fire Department. Doc. 18 at 2. That termination led Plaintiff to file a lawsuit, which in turn led to an October 3, 2022, settlement agreement ("Settlement Agreement," (Doc. 19-2)). *See* Doc. 18 at 3. The Settlement states:

> [Plaintiff] is not eligible for re-employment with the City of Memphis Fire Services Division without the express agreement of the Chief of Memphis Fire Services Division at the time re-employment is sought.

Doc. 19-2 at 1. After the 2022 Retirement Date established by the Settlement, Plaintiff is alleged to have been banned from the City's Fire Department Property and denied his badge. Doc. 18 at 3.

In October 2023, Plaintiff alleges that he sent a letter to the City's Fire Department, asking for reemployment. *Id*. However, Plaintiff claims that request was ignored, hearing indirectly that he would never be rehired. *Id*. at 3-4. Plaintiff alleges that other, white employees were rehired after being terminated for various types of misconduct, including at least one individual who "resigned in lieu of termination" after violating the Fire Department's Media Policy. Doc. 18 at 4-5. On this basis, Defendant alleges that "Defendant is guilty of disparate treatment race discrimination because black employees seeking rehire are treated less favorably than similarly situated white employees seeking rehire." Doc. 18 at 6. Based on those allegations, Plaintiff asserts three unnumbered claims:

- A "cause of action for disparate treatment race discrimination," Doc. 18 at 7-8;
- A "cause of action for disparate impact" in rehiring, Doc. 18 at 8; and
- A "cause of action for retaliation" claiming that Defendant's refusal to rehire him constituted retaliation for his earlier lawsuit, Doc. 18 at 8-9.

The City filed the present Motion to Dismiss on June 23, 2026. Doc. 19. By that Motion, the City seeks dismissal of all of Plaintiff's claims for failure to state a claim and, in the alternative, the striking of all allegations related to Plaintiff's employment and termination up to his request to be rehired. Doc. 19. Plaintiff filed a Response in Opposition on July 23, 2026. Doc. 22. The City filed a Reply on August 6, 2026. Doc. 23.

**<u>LEGAL STANDARD</u>**

To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility requires more than factual allegations that demonstrate "a sheer possibility" of unlawful conduct or are "'merely consistent with' a defendant's liability." *Id*. If the factual allegations "do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not show[n] that the pleader is entitled to relief" and cannot survive a motion to dismiss. *Id*. at 679.

In determining whether the complaint states a plausible claim, the district court must accept the well-pleaded factual allegations in the complaint as true. *Id*. at 678-79. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679.

In ruling on a motion to dismiss, a court generally "must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). However, in this case, the Court may consider the 2022 Settlement Agreement because Plaintiff referenced and quoted the Settlement Agreement in his operative complaint (Doc. 18 at 3) and it is central to his claim because it sets the terms governing his request for reemployment. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

## LEGAL ANALYSIS

### I. The Motion to Dismiss based on the 2022 Settlement Agreement is DENIED.

As noted, the 2022 Settlement Agreement ended a lawsuit concerning a workplace dispute between Plaintiff and Defendant and, relatedly, Plaintiff's termination (the "Chancery Court

Matter," No. CH-22-0543 (Shelby Cnty. Chancery Ct.)).[1] Doc. 18 at 3. The Settlement Agreement provides that:

> Releasor intends to settle and waive any and all claims Releasor had or may have had against the Released Parties, as heretofore defined, for any matter that has occurred up to the date of the execution of their Agreement including, but not limited to, any and all claims resulting from the matters which formed the basis of the subject Civil Service appeal and Chancery Court matter.

Doc. 19-2 at 2. By that language Plaintiff clearly waived any claims he may have had at the time of the Release, including claims relating to the provision of benefits and claims for wrongful discharge and retaliation.

The question here is whether Plaintiff's current claims—purportedly relating to Defendant's refusal to "rehire" him—are (A) really disguised or repackaged pre-Settlement Agreement claims, such that they are covered by the release, or (B) are instead new claims that could not have been barred by the earlier release. The Sixth Circuit has set out an easy-to-articulate but difficult-to-apply standard: An earlier release will bar new claims of discrimination if the new claims are "merely an attempt to resurrect … discrimination claims" that were earlier released; the earlier release will not do so if the failure to "rehire" the plaintiff "provided him with a new and discrete claim of discrimination." *Kellogg Co. v. Sabhlok*, 471 F.3d 629, 635 (6th Cir. 2006). The Sixth Circuit noted several (presumably nonexclusive) factors relevant to that determination: (1) the timing of "new" claim as compared to both the original claim and the purported release; (2) whether the original claim and the refusal to rehire related to the same position; and (3) the relation between the claims in the original, released action and the claims in the present action—i.e., the substantive similarity between the claims. *See id.* at 635-36.

[1] Defendant rightly does not contend that the 2022 Settlement Agreement's presumptive bar on rehiring forecloses Plaintiff's claims: Under binding precedent, a general contractual right not to rehire Plaintiff does not create a right to decline to rehire him on legally impermissible grounds. *See, e.g., Adams v. Philip Morris, Inc.*, 67 F.3d 580, 585 (6th Cir.1995) (employee may not prospectively waive rights under ADEA or Title VII).

Viewing this case through the lens of that standard, the Court cannot dismiss Plaintiff's claims at this time and in this motion to dismiss posture. The "new" claim here relates to events occurring in October 2023—long after Plaintiff's original 2012 termination and at least some time after the 2022 Settlement. And it is unclear from the complaint whether Plaintiff reapplied for a position matching his old position of lieutenant or instead sought to be rehired into a new lieutenant position (or, given the passage of time, a changed position with that title). Doc. 18 at 3. And, more important, from the filings to date, it is unclear how, precisely, Plaintiff's current claims relate substantively to the claims that led to the 2022 Settlement Agreement, a point only underscored by the fact that Plaintiff's earlier *federal* claims—those asserted in this Court and not state chancery court—were resolved by summary judgment in 2013 and not as a result of the 2022 Settlement Agreement, which lends some support for the position that the 2022 Settlement Agreement did not cover those claims even if one aspect of Plaintiff's new claims relates to calculation of benefits. *See Davis v. City of Memphis Fire Dep't*, 940 F. Supp. 2d 786 (W.D. Tenn. 2013).

The Court therefore **DENIES** the Motion to Dismiss based on the Settlement Agreement. To be clear, the Court is *not* here definitively resolving the question whether the Settlement Agreement does or does not bar Plaintiff's claims. Rather, the Court is leaving the issue for later resolution, if re-presented, at a later posture and based on a record. *See Kellogg*, 471 F.3d at 631 (addressing similar argument in summary judgment context).

**II. Defendant's Motion to Dismiss the Retaliation Claim based on failure to exhaust administrative remedies is GRANTED.**

Defendant also seeks dismissal because Plaintiff did not include a claim of retaliation in his EEOC charge. It is true that a plaintiff generally may not bring a Title VII claim not covered by his EEOC charge. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010)

(citing 42 U.S.C. § 2000e-5(f)(1)). "At the same time, because aggrieved employees—and not attorneys—usually file charges with the EOOC, their pro se complaints are construed liberally, so that courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge. As a result, when facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Id.* (citations omitted).

Plaintiff's EEOC charge contains nothing that would cause the EEOC to investigate a retaliation claim. In setting for the "particulars," Plaintiff wrote:

> I was hired on April 28, 1989, as a Firefighter and on September 11, 2001, I was promoted to Lieutenant.
>
> On July 22, 2022, I retired from the above Respondent. On May 17, 2024, I applied for a Lieutenant position and was not reinstated. I was subjected to unequal terms and condition of employment by not being reinstated. I am aware that Barry Oneal (White/male) resigned and was reinstated. I aware that Shane Howell (White/male) was discharged and was reinstated.
>
> I believe I have been discriminated against because of my race (Black), in violation of Title VII of the Civil Rights Act of 1964, as amended.

Doc. 19-3 at 1. There is not a word about retaliation in that narrative, nor a word about a non-discriminatory motive, nor even a word about any earlier protected conduct. Indeed, Plaintiff omits any mention of his earlier lawsuit or dispute with the Fire Department. From those facts, the EEOC would have no reason to suspect, much less investigate, any claim of retaliation—and even an investigation of the alleged facts would not likely lead the EEOC to discovery retaliation. Plaintiff's retaliation claim therefore fails for failure to exhaust his remedies with the EEOC.

**III. Defendant's Motion to Dismiss the Disparate Impact Claim and Motion to Strike are DENIED because they are insufficiently developed and supported.**

Over the course of roughly a page, Defendant also asks that the Court dismiss Plaintiff's disparate impact claim and strike various allegations and claims that relate to events occurring

before Plaintiff's effort to obtain reemployment by Defendant. Doc. 19-1 at 10-11. Defendant offers only a single citation on these pages, and it offers only the most general of arguments for why the Court should grant the requested relief—apparently, that the disparate impact claim largely overlaps with the disparate treatment claim and that the allegations targeted for striking relate to matters that should be barred by the Settlement Agreement. While the disparate impact claim is not clearly presented and may well be flawed—an argument Defendant remains free to raise at a later procedural juncture—Defendant's arguments are too cursory and vague to support dismissal for failure to state a claim. And the same goes for the motion to strike. These portions of Defendant's Motion therefore are **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 19) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's retaliation claim is **DISMISSED**. The Motion is otherwise **DENIED**.

**SO ORDERED**, this 24th day of November 2026.

*s/Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE